# EXHIBIT A

Filing # 216282130 E-Filed 02/07/2025 12:08:58 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>Emmanuel Quintero, Jean Vincent, Joffrey Dorestant, Jose Barra Quispe, Moreli Taravine, Pedro</u>
Martinez

Plaintiff

Case # _____

Judge  _____

vs.
<u>Bulk Transport Company East Inc, George Akerson</u>
Defendant

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

### III.     TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.   **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

V.   **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  3

VI.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

VII.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

VIII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

IX.   **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason S Remer                    Fla. Bar # 165580
            Attorney or party                                    (Bar # if attorney)

Jason S Remer                    02/07/2025
  (type or print name)              Date

- 3 -

Filing # 216282130 E-Filed 02/07/2025 12:08:58 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

EMMANUEL QUINTERO,
JEAN VINCENT,
JOFFREY DORESTANT,
JOSE BARRA QUISPE,
MORELI TARAVINE,
PEDRO MARTINEZ,
And others similarly situated
    Plaintiffs,

vs.                                                                Case No.

BULK TRANSPORT COMPANY EAST, INC.
GEORGE AKERSON,

    Defendant.

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C. §216(B))

COMES NOW, the Plaintiffs, EMMANUEL QUINTERO, JEAN VINCENT, JOFFREY DORESTANT, JOSE BARRA QUISPE, MORELI TARAVINE, PEDRO MARTINEZ, and other similarly situated delivery drivers ("Plaintiffs"), and others similarly situated, by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, files this Civil Action against Defendants, BULK TRANSPORT COMPANY EAST, INC and GEORGE AKERSON, ("Defendant(s)"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and others similarly situated for damages exceeding $50,000.00 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), to recover unpaid overtime

wages and minimum wages and for retaliation, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

3. Plaintiffs were at all times relevant to this action, and continues to be, a resident of Miami Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant having their main place of business in, and conducting business in Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto was and is engaged in interstate commerce. Defendant George Akerson had operational control of Defendant Bulk Transport East Inc and ran the day to day operations.

5. Venue is proper in Dade because all of the actions that form the basis of this Complaint occurred within Dade County.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiffs and other similarly situated individuals were employed by Defendants from approximately February of 2023 through January 26, 2024 as a non-exempt employees working as delivery drivers.

8. Plaintiffs worked approximately 70 hours a week for Defendants without any overtime compensation paid by Defendants.

9. Defendants paid Plaintiffs a day rate in violation of the law.

10. Plaintiffs were not paid overtime by Defendants for any hours worked in excess of 40 weekly.

11. Plaintiffs complained to Defendant's management about not getting paid for the overtime hours and all Plaintiffs were terminated by Defendant in retaliation for the complaint.

## COUNT I
### *Wage & Hour Federal Statutory Violation against Bulk Transport Company East, Inc.*

12. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this Complaint as if set out in full herein.

13. This action is brought by Plaintiffs to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

14. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

15. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

16. By reason of the foregoing, the Defendant is and was, during all times hereafter

mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

17. Plaintiffs seek to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

18. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

19. Defendants never posted any notice, as required by the FLSA, to inform employees of their federal rights to minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.   Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

    C.   Award Plaintiffs an equal amount in double damages/liquidated damages; and

    D.   Award Plaintiffs the costs of this action, together with reasonable attorney fees; and

    E.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II
### *Wage & Hour Federal Statutory Violation against* George Akerson

20. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

21. At the times mentioned, Defendant GEORGE AKERSON was, and is now, a corporate officer of corporate Defendant BULK TRANSPORT COMPANY EAST, INC.

22. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

23. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

24. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

## COUNT III
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINITFF PURSUANT TO 29 U.S.C. 215(A)(3)

25. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1-11 above as if set out in full herein.

26. This action arises under the laws of the United States.

27. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

28. 29 U.S.C. § 207 (a) (1) states, "…if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

29. Plaintiffs complained to their managers about unpaid overtime and was fired shortly thereafter in retaliation for this complaint.

30. The motivating factor which caused Plaintiffs' termination was the complaint of hours worked and seeking overtime wages.

31. Defendant's retaliatory termination of Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

C. Plaintiffs demands a trial by jury as to each count of this complaint.

## JURY DEMAND

Plaintiffs, and those similarly-situated, demand trial by jury
of all issues triable as of right by jury.

Dated: February 6, 2025

Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgph.law
**REMER, GEORGES-PIERRE,
& HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd
Coral Gables, FL 33134
Telephone: (305) 416-5000
*Counsel for Plaintif*

Filing # 216394054 E-Filed 02/10/2025 10:44:16 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

EMMANUEL QUINTERO,
JEAN VINCENT,
JOFFREY DORESTANT,
JOSE BARRA QUISPE,
MORELI TARAVINE,
PEDRO MARTINEZ,
And others similarly situated
     Plaintiffs,

vs.                                                  Case No. 2025-002133-CA-01

BULK TRANSPORT COMPANY EAST, INC.
GEORGE AKERSON,

     Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** BULK TRANSPORT COMPANY EAST, INC., through its Registered Agent:
Corporation Service Company
1201 Hays Street
Tallahassee FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY
JASON S. REMER, ESQ.
REMER, GEORGES-PIERRE, &
HOOGERWOERD PLLC.
2745 PONCE DE LEON, BLVD
CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                          DATE

_____
(BY) DEPUTY CLERK

Filing # 216394054 E-Filed 02/10/2025 10:44:16 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

EMMANUEL QUINTERO,
JEAN VINCENT,
JOFFREY DORESTANT,
JOSE BARRA QUISPE,
MORELI TARAVINE,
PEDRO MARTINEZ,
And others similarly situated
    Plaintiffs,

vs.                                                                 Case No. 2025-002133-CA-01

BULK TRANSPORT COMPANY EAST, INC.
GEORGE AKERSON,

    Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

**TO:** George Akerson
2280 Cassens Drive
Fenton, MO 63026

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY
      JASON S. REMER, ESQ.
      REMER, GEORGES-PIERRE, &
      HOOGERWOERD PLLC.
      2745 PONCE DE LEON, BLVD
      CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                                              DATE

_____
(BY) DEPUTY CLERK

Filing # 216394054 E-Filed 02/10/2025 10:44:16 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

EMMANUEL QUINTERO,
JEAN VINCENT,
JOFFREY DORESTANT,
JOSE BARRA QUISPE,
MORELI TARAVINE,
PEDRO MARTINEZ,
And others similarly situated
     Plaintiffs,

vs.

Case No. 2025-002133-CA-01

BULK TRANSPORT COMPANY EAST, INC.
GEORGE AKERSON,

     Defendant.

                                            /

## SUMMONS IN A CIVIL CASE

**TO:** BULK TRANSPORT COMPANY EAST, INC., through its Registered Agent:
Corporation Service Company
1201 Hays Street
Tallahassee FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY
JASON S. REMER, ESQ.
REMER, GEORGES-PIERRE, &
HOOGERWOERD PLLC.
2745 PONCE DE LEON, BLVD
CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Juan Fernandez-Barquin,

2/10/2025

CLERK   Clerk of the Court and Comptroller

DATE

307965

(BY) DEPUTY CLERK

Filing # 216394054 E-Filed 02/10/2025 10:44:16 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

EMMANUEL QUINTERO,
JEAN VINCENT,
JOFFREY DORESTANT,
JOSE BARRA QUISPE,
MORELI TARAVINE,
PEDRO MARTINEZ,
And others similarly situated
    Plaintiffs,

vs.                        Case No. 2025-002133-CA-01

BULK TRANSPORT COMPANY EAST, INC.
GEORGE AKERSON,

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO: George Akerson
2280 Cassens Drive
Fenton, MO 63026

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY
                    JASON S. REMER, ESQ.
                    REMER, GEORGES-PIERRE, &
                    HOOGERWOERD PLLC.
                    2745 PONCE DE LEON, BLVD
                    CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Juan Fernandez-Barquin,
Clerk of the Court and Comptroller

CLERK    217043

(BY) DEPUTY CLERK

                                      2/10/2025

                                      DATE

Filing # 218332173 E-Filed 03/07/2025 01:54:34 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2025-002133-CA-01

EMMANUEL QUINTERO,
JEAN VINCENT,
JOFFREY DORESTANT,
JOSE BARRA QUISPE,
MORELI TARA VINE,
PEDRO MARTINEZ,
And others similarly situated,

        Plaintiff,

vs.

BULK TRANSPORT COMPANY EAST, INC.
GEORGE AKERSON,

        Defendant.

_____/

### DEFENDANT BTC'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFFS' COMPLAINT

Defendant, BULK TRANSPORT COMPANY EAST, INC., ("BTC"), by and through its

undersigned counsel[1], respectfully moves the Court for an extension of time to file its response to

Plaintiffs Emmanuel Quintero, Jean Vincent, Joffrey Dorestant, Jose Barra Quispe, Moreli Tara

Vine, Pedro Martinez's (collectively, "Plaintiffs") Complaint. Plaintiffs agree to the relief sought

in this Motion, and good cause exists to grant the same, as set forth below.

    1.     BTC was served with Plaintiffs' Complaint on February 17, 2025.

    2.     BTC's response to Plaintiffs' Complaint is currently due March 10, 2025.

---

[1] The undersigned also represents Defendant George Akerson, who has not been served as of the date of this filing.

3.     Undersigned counsel has just been retained to represent BTC and will need additional time, up to and including March 24, 2025, to gather the required facts to adequately respond to Plaintiffs' Complaint.  Additionally, Defendant's counsel requires additional time to meet with its client and fully assess possible defenses to Plaintiffs allegations, and to conduct an initial analysis of the case and review related documents.

4.     Counsel for BTC has conferred with Plaintiffs' counsel, Jason S. Remer, Esq., regarding the requested extension.  Mr. Remer has consented to BTC's request herein and does not oppose this extension.

5.     This Motion is filed in good faith, not for the purpose of delay, and will not prejudice any of the parties.

6.     A proposed Order is attached as Exhibit A.

WHEREFORE, the Defendant, BULK TRANSPORT COMPANY EAST, INC., respectfully requests an extension of time until March 24, 2025, to file its response to Plaintiffs' Complaint.

By: /s/Ingrid H. Ponce
INGRID H. PONCE, Esq.
Florida Bar No.: 166774
E-mail: iponce@stearnsweaver.com
CORAL DEL MAR LOPEZ, Esq.
Florida Bar No. 1022387
E-mail: clopez@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

Counsel for Defendant
BULK TRANSPORT COMPANY EAST, INC.

## CERTIFICATE OF CONFERRAL PER FL. R. CIV. P. 1.202

I certify that prior to filing this Motion, I discussed the relief requested in this motion by email on March 6, 2025 with opposing counsel who agrees with the relief requested and does not oppose the same.

/s/ Ingrid H. Ponce
INGRID H. PONCE, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Florida Courts E-Portal pursuant to Fla. R. Jud. Adm. 2.516(b); and was served to all counsel of record identified on the attached service List via transmission of Notices of Service of court Document generated by the E-Portal, this 7th day of March, 2025.

/s/ Ingrid H. Ponce
INGRID H. PONCE, ESQ.

## SERVICE LIST

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgph.law
REMER, GEORGES-PIERRE,
& HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 416-5000

*Counsel for Plaintiff*

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2025-002133-CA-01

EMMANUEL QUINTERO,
JEAN VINCENT,
JOFFREY DORESTANT,
JOSE BARRA QUISPE,
MORELI TARA VINE,
PEDRO MARTINEZ,
And others similarly situated,

   Plaintiff,

vs.

BULK TRANSPORT COMPANY EAST, INC.
GEORGE AKERSON,

   Defendant.

_____/

## ORDER ON UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT

THIS CAUSE having come before the Court on the Defendant's Unopposed Motion for Extension of Time to File Its Response To Plaintiffs' Complaint. The Court being otherwise fully advised, hereby orders and adjudges as follows: Defendant, BULK TRANSPORT COMPANY EAST, INC., shall have until March 24, 2025, to file its response to Plaintiffs' Complaint.

DONE AND ORDERED this _____ day of March, 2025.

_____
CIRCUIT COURT JUDGE

Copies furnished to Counsel of Record

Filing # 218346749 E-Filed 03/07/2025 03:25:57 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2025-002133-CA-01
SECTION: CA24
JUDGE: Antonio Arzola

**Emmanuel Quintero et al**

Plaintiff(s)

vs.

**Bulk Transport Company East Inc et al**

Defendant(s)

_____/

## ORDER ON UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT

THIS CAUSE having come before the Court on the Defendant's Unopposed Motion for Extension of Time to File Its Response To Plaintiffs' Complaint. The Court being otherwise fully advised, hereby orders and adjudges as follows: Defendant, BULK TRANSPORT COMPANY EAST, INC., shall have until March 24, 2025, to file its response to Plaintiffs' Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 7th day of March, 2025.

2025-002133-CA-01 03-07-2025 3:18 PM
Hon. Antonio Arzola

**CIRCUIT COURT JUDGE**
Electronically Signed

Case No: 2025-002133-CA-01

Page 1 of 2

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Coral Del Mar Lopez, clopez@stearnsweaver.com
Coral Del Mar Lopez, mleon@stearnsweaver.com
Ingrid H. Ponce, iponce@stearnsweaver.com
Ingrid H. Ponce, lojeda@stearnsweaver.com
Ingrid H. Ponce, mprohias@stearnsweaver.com
Jason S Remer, jremer@rgph.law
Jason S Remer, ng@rgph.law
Jason S Remer, adelgado@rgph.law

**Physically Served:**