UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 25-cv-21284-JEM

EMMANUEL QUINTERO,
JEAN VINCENT,
JOFFREY DORESTANT,
JOSE BARRA QUISPE,
MORELI TARA VINE,
PEDRO MARTINEZ,
And others similarly situated,

       Plaintiff,

vs.

BULK TRANSPORT COMPANY EAST, INC.
GEORGE AKERSON,

       Defendant.

_____/

**DEFENDANT BTC'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT**

Defendant Bulk Transport Company East, Inc. ("BTC" or "Defendant"), by and through

its undersigned counsel, hereby file its Answer and Affirmative Defenses to Plaintiffs Emmanuel

Quintero, *et. al.*'s ("Plaintiffs") Complaint.[1]  BTC denies each and every allegation of Plaintiff's

Complaint except as may be specifically admitted, qualified, or otherwise answered below.  BTC

further states and alleges as follows:

**GENERAL ALLEGATIONS**

1.     This is an action by the Plaintiff and others similarly situated for damages

exceeding $50,000.00 excluding attorneys' fees or costs resulting from Defendants' violations

---

[1] The undersigned also represents Defendant George Akerson.  Because Mr. Akerson has not yet
been served, no responsive pleading is due at this time.

of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), to recover unpaid overtime wages and minimum wages and for retaliation, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

**ANSWER:   BTC admits that Plaintiffs purport to bring claims under the FLSA, but denies that Plaintiffs are entitled to any relief or damages under the statute and further denies that the named Plaintiffs are able to bring this action on behalf of purportedly similarly situated individuals.**

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

**ANSWER:   Admitted.**

3.     Plaintiffs were at all times relevant to this action, and continues to be, a resident of Miami Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

**ANSWER:   Without knowledge as to residency of Plaintiffs; BTC admits only that employees were covered employees for purposes of the FLSA during their respective employments with BTC.**

4.     Defendant having their main place of business in, and conducting business in Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto was and is engaged in interstate commerce. Defendant George Akerson had operational control of Defendant Bulk Transport East Inc. and ran the day to day operations.

**ANSWER:   BTC admits the allegations specific to BTC and specifically that BTC is engaged in interstate commerce; but denies that Defendant Akerson had operational control of Defendant BTC and ran the day-to-day operations.**

5.     Venue is proper in Dade because all of the actions that form the basis of this Complaint occurred within Dade County.

**ANSWER:   BTC admits only that venue is proper; but denies that all of the actions that form the basis of this Complaint occurred solely within Miami-Dade County.**

6.      All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**ANSWER:    Denied.**

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.      Plaintiffs and other similarly situated individuals were employed by Defendants from approximately February of 2023 through January 26, 2024 as a non-exempt employees working as delivery drivers.

**ANSWER:    BTC admits only that Plaintiffs worked as delivery drivers; all other allegations in Paragraph 7 are denied.**

8.      Plaintiffs worked approximately 70 hours a week for Defendants without any overtime compensation paid by Defendants.

**ANSWER:    BTC admits only that the Plaintiffs named in this action did not receive additional half time compensation for any overtime worked because the Motor Carrier Act Exemption exempts Plaintiffs from the FLSA's overtime pay requirements; all other allegations in Paragraph 8 are denied.**

9.      Defendants paid Plaintiffs a day rate in violation of the law.

**ANSWER:    Denied.**

10.     Plaintiffs were not paid overtime by Defendants for any hours worked in excess of 40 weekly.

**ANSWER:    BTC admits only that it did not pay an additional half time compensation for hours worked in excess of 40 per workweek to the Plaintiffs named in this action because the Motor Carrier Act Exemption exempts Plaintiffs from the FLSA's overtime pay requirements; all other allegations in Paragraph 10 are denied.**

11.     Plaintiffs complained to Defendant's management about not getting paid for the overtime hours and all Plaintiffs were terminated by Defendant in retaliation for the complaint.

**ANSWER:    Denied.**

## COUNT I

### *Wage & Hour Federal Statutory Violation against Bulk Transport Company East, Inc.*

12.    Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this Complaint as if set out in full herein.

**ANSWER:    No response is required to Paragraph 12 as it merely incorporates prior allegations.  To the extent a response is required, BTC refers to its responses to Paragraphs 1 through 11.**

13.    This action is brought by Plaintiffs to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

**ANSWER:    BTC admits that Plaintiffs purport to bring a claim under the FLSA, but denies that Plaintiffs are entitled to any relief or damages under the statute.**

14.    At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

**ANSWER:    Admitted.**

15.    Upon  information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the

individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

**ANSWER:   BTC admits only that its annual gross revenue exceeds $500,000; but denies the rest of the allegations as vague and incomprehensible.**

16.     By reason of the foregoing, the Defendant is and was, during all times hereaftermentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiffs work for the Defendant likewise affects interstate commerce.

**ANSWER:   Admitted.**

17.     Plaintiffs seek to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

**ANSWER:   BTC admits only that Plaintiffs purport to seek damages; but denies that Plaintiffs are entitled to any relief or damages. BTC further denies that Plaintiffs can recover beyond the two-year statute of limitations period set forth in the FLSA.**

18.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement  of Plaintiffs employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**ANSWER:   Denied.**

19.     Defendants never posted any notice, as required by the FLSA, to inform employees of their federal rights to minimum wage payments.

**ANSWER:   Denied.**

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant.

A.     Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs rights;

B.     Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

C.     Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.     Award Plaintiffs the costs of this action, together with reasonable attorney fees; and

E.     Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

**ANSWER:     BTC denies all liability and further denies that Plaintiffs are entitled to any recovery of damages. BTC also specifically denies that the FLSA allows for the recovery of interest.**

## JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**ANSWER:     As to Plaintiffs' Jury Trial Demand, BTC admits only that Plaintiffs request a trial by jury, but denies any and all alleged liability, and denies that Plaintiffs have set forth triable issues for resolution by jury.**

## COUNT II[2]

### *Wage & Hour Federal Statutory Violation against George Akerson*

20.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

---

[2] Count II is specific to Defendant George Akerson, who has not yet been served with the Complaint. Because Count II includes factual allegations to which BTC has knowledge, it is responding to these allegations on behalf of BTC only.  BTC's response to this question should not be construed as a waiver of service on Mr. Akerson.

**ANSWER:** **No response is required to Paragraph 20 as it merely incorporates prior allegations. To the extent a response is required, BTC refers to its responses to Paragraphs 1 through 11.**

21.    At the times mentioned, Defendant GEORGE AKERSON was, and is now, a corporate officer of corporate Defendant BULK TRANSPORT COMPANY EAST, INC.

**ANSWER:** **Denied.**

22.    Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

**ANSWER:** **BTC denies that Defendant Akerson is an employer within the meaning of the FLSA, or that he was an employer of Plaintiffs.**

23.    As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiffs damages.

**ANSWER:** **Denied.**

24.    Defendant willfully and intentionally refused to properly pay Plaintiffs wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**ANSWER:** **Denied.**

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

A.      Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs rights;

B.      Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C.      Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.      Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**ANSWER:     BTC denies all liability and further denies that Plaintiffs are entitled to any recovery of damages, and specifically denies that the FLSA allows for the recovery of interest.**

## JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

**ANSWER:     As to Plaintiffs' Jury Trial Demand, BTC only admits that Plaintiffs request a trial by jury, but denies any and all alleged liability, and denies that Plaintiffs have set forth triable issues for resolution by jury.**

## COUNT III

*Federal Statutory Violation: Retaliatory Discharge Of Plaintiffs Pursuant To 29 U.S.C. 215(A)(3)*

25.     Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1-11 above as if set out in full herein.

**ANSWER:     No response is required to Paragraph 25 as it merely incorporates prior allegations.  To the extent a response is required, BTC refers to its responses to Paragraphs 1 through 11.**

26.     This action arises under the laws of the United States.

**ANSWER:    Admitted.**

27.     This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201- 219 (§216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

**ANSWER:    BTC admits this Court has jurisdiction over claims under the FLSA; but denies that there is jurisdiction under Florida Constitution.**

28.     29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate..."

**ANSWER:    Paragraph 28 contains a legal conclusion for which no response is required.**

29.     Plaintiffs complained to their managers about unpaid overtime and was fired shortly thereafter in retaliation for this complaint.

**ANSWER:    Denied.**

30.     The motivating factor which caused Plaintiffs' termination was the complaint of hours worked and seeking overtime wages.

**ANSWER:    Denied.   BTC further denies that the motivating factor standard applies to claims for retaliation under the FLSA.**

31.     Defendant's retaliatory termination of Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

**ANSWER:    Denied.**

**WHEREFORE,** Plaintiff requests that this Honorable Court:

A.      Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B.      Reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

C.      Plaintiffs demands a trial by jury as to each count of this complaint.

**ANSWER:    BTC denies all liability and further denies that Plaintiffs are entitled to any recovery of damages.**

### JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

**ANSWER:    As to Plaintiffs' Jury Trial Demand, BTC only admits that Plaintiffs request a trial by jury, but denies any and all alleged liability, and denies that Plaintiffs have set forth triable issues for resolution by jury.**

## AFFIRMATIVE DEFENSES

BTC asserts the following affirmative and other defenses without assuming any burden of production or proof that BTC would not otherwise have under any applicable law, rule or regulation, and expressly reserves the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery has been had in this action.

### First Affirmative Defense

To the extent that Plaintiffs seek relief outside of the actionable limitations period imposed by the FLSA, the relief sought outside of that period is barred in whole or in part by the applicable statute of limitations, 29 U.S.C. § 255.

### Second Affirmative Defense

At all times relevant to this action, Plaintiffs were not entitled to overtime pay because they were exempt from federal overtime compensation requirements by virtue of the exemptions contained in the FLSA, including but not limited to the Motor Carrier Act exemption.  As such, Plaintiffs' claims for overtime wages fail as a matter of law as they were not eligible to receive any additional compensation for hours worked in excess of forty (40) hours per week.

### Third Affirmative Defense

Based on Plaintiffs' allegations as set forth in the Complaint, Plaintiffs cannot establish a willful violation of the FLSA within the meaning of 29 U.S.C. § 203, *et seq*. At all times, BTC's actions were in good faith and therefore form no basis for any award of liquidated damages or recovery beyond the two-year statute of limitations period set forth in the FLSA.

### Fourth Affirmative Defense

If Plaintiffs are able to show a violation of the FLSA, which is expressly denied, the extent of BTC's liability must be offset by the amount paid to Plaintiffs during their employment.

**Fifth Affirmative Defense**

To the extent BTC's liability is *de minimus,* claims for such amounts are not subject to payment and do not constitute violations of the FLSA.

**Sixth Affirmative Defense**

To the extent Plaintiffs can prove liability for unpaid overtime under the FLSA, Plaintiffs are limited to the recovery of half-time for all hours worked in excess of 40 hours per workweek.

**Seventh Affirmative Defense**

At all relevant times, BTC acted in good faith and with reasonable grounds for believing that its acts or omissions were not in violation of the FLSA.

**Eight Affirmative Defense**

To the extent that Plaintiffs might have worked overtime without BTC's actual or constructive knowledge, Plaintiffs are not entitled to compensation for any such overtime hours worked.

**Ninth Affirmative Defense**

During all relevant times, BTC had in place effective procedures to prevent retaliation in the workplace. Any actions taken contrary to these procedures, to the extent Plaintiffs can prove any, contravened BTC's good faith efforts to comply with anti-retaliation laws and were taken without BTC's consent or authorization. If Plaintiffs can prove that any action taken by BTC's employees was unlawful, such action was taken without authority, knowledge or approval of BTC and was outside the course and scope of their employment with BTC.

**Tenth Affirmative Defense**

Plaintiffs' recovery of damages for purported lost wages, if any, may be barred or reduced by any amount that Plaintiffs earned or could reasonably have earned at any time following their separation of employment. During discovery, if BTC learns that Plaintiffs have failed to mitigate

their damages, Plaintiffs' alleged damages, if any, must be reduced in whole or in part by any amount(s) that Plaintiffs, through reasonable diligence, earned or could have earned since their separation from employment with BTC.

## Eleventh Affirmative Defense

Plaintiffs' claim for lost wages or back pay under Count III must be reduced or offset by any amount that Plaintiffs have earned in subsequent employment following their separation from BTC's employment.

## Twelfth Affirmative Defense

Plaintiffs' purported damages under Count III may be barred, in whole, or in part, by the doctrine of after-acquired evidence. If BTC, through the litigation, discovers evidence of additional misconduct by Plaintiffs that would have warranted their termination, any right of Plaintiffs to recover damages would be cut off as of the date of such discovery.

## Thirteenth Affirmative Defense

To the extent the Court allows a collective action to proceed, BTC specifically reserve the right to file and assert any and all additional affirmative defenses that may apply to additional opt-ins.

## BTC'S PRAYER FOR RELIEF

WHEREFORE, Defendant, BULK TRANSPORT COMPANY EAST, INC., respectfully requests that: (i) a judgment be entered in its favor and against Plaintiffs as to the claims set forth in the Complaint, (ii) Bulk Transport Company East, Inc., be entitled to recover its reasonable attorney's fees and costs incurred in connection with the defense of this action as allowable by law, and (iii) for such further relief as this Court deems just and proper.

By: /s/*Coral del Mar Lopez*
INGRID H. PONCE, Esq.
Florida Bar No.: 166774
E-mail: iponce@stearnsweaver.com
CORAL DEL MAR LOPEZ, Esq.
Florida Bar No. 1022387
E-mail: clopez@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Counsel for Defendant*
BULK TRANSPORT COMPANY EAST, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2025, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Coral del Mar Lopez*
CORAL DEL MAR LOPEZ, ESQ.

## SERVICE LIST

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgph.law
REMER, GEORGES-PIERRE,
& HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 416-5000
*Counsel for Plaintiff*